# Law Office of Mohammed Gangat

675 Third Avenue, Suite 1810<br>
New York, NY 10017<br>
Direct Dial: (718) 669-0714<br>
Office: (646) 556-6112<br>
mgangat@gangatpllc.com<br>
Fax: (646) 496-9195

October 24, 2022

<u>Via ECF</u>
Magistrate Judge Lois Bloom
U.S District Court, Eastern District
225 Cadman Plaza East
Brooklyn, NY 11201

   <u>Re</u>: <u>Fadilj Decevic; and Nedzad Orahovac v. Alma Realty Corp., et. al.,</u>
     <u>Case No. 1:22-cv-01622-ENV-LB</u>

To the Hon. Judge Bloom:

  I represent plaintiffs Fadilj Decevic and Nedzad Orahovac ("Plaintiffs") in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants Alma Realty Corp.; Garden Spires Associates, LLC; 232-262 Taaffee Pl, LLC; 467-75 St. Marks Ave Assoc. LLC; Nicholas Conway; and Efstathos Valiotis, (collectively, "Defendants"). The parties are seeking your Honor's approval of the settlement of this action, pursuant to the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

  This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiffs as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime and failure to provide wage notices and accurate wage statements. Defendants have denied all allegations in this matter.

  Plaintiffs calculated damages as follows: $26,900 in unpaid wages to Fadilj Decevic and $4,370 in unpaid wages to Nedzad Orahovac, plus prejudgment interest on both amounts; 26,900 in liquidated damages to Fadilj Decevic and $4,370 in liquidated damages to Nedzad Orahovac; $10,000 for each plaintiff in statutory penalties for wage notice and wage statement violations; and, attorneys' fees and costs incurred in the prosecution of this action.

  The parties to this action by and through their attorneys have had multiple conversations ultimately arrived at a compromise figure of $30,000.00 to resolve all claims, including attorneys' fees and costs, and the parties memorialized this in a written agreement to resolve this Action (the "Agreement") that is now being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A).

Hon. Lois Bloom
Page 2 of 2
October 24, 2022

In all, the Agreement is in line with the mandate from *Cheeks*. The Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. As the Court will see, the Parties included language regarding *ongoing* landlord tenant matters. The Parties included this language simply to preserve, and not waive, all rights, claims and defenses in the landlord tenants matters.

With respect to the *Cheeks* related terms of the Agreement, there is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provision allows the parties to retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful.

Moreover, this is not a case where a settlement came about because of "overreaching" by any part. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months involving counsel and the exchange of documentary evidence and comprehensive written legal argument and analysis. The parties' counsels are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

The attorney's fee is reasonable because the settlement amount is being used to first reimburse the attorney for the costs of the litigation, and the remainder is divided between attorney and client with the attorney receiving ⅓ and the client receiving ⅔. Therefore, the $30,000.00 will be divided as follows: $20,000 to Plaintiffs and $10,000 to Plaintiffs' counsel. A copy of Plaintiffs' counsel's records reflecting time spent in the prosecution of this action is attached here as Exhibit B. Defendants take no position on the hourly rate sought or amount of attorney's fees awarded in this matter.

The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiffs and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court. We thank the Court for its time and attention to this matter.

Respectfully Submitted,
Law Office of Mohammed Gangat

_____
Mohammed Gangat, Esq.

4879-8852-1786, v. 2