UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FADILJ DECEVIC and NEDZAD ORAHOVAC,

                                            **ORDER**
                 Plaintiffs,                **22 CV 1622 (ENV)(LB)**

   -against-

ALMA REALTY CORP., GARDEN SPIRES
ASSOCIATES, LLC, 232-262 TAAFFE PL, LLC,
467-75 ST. MARKS AVE ASSOC. LLC,
NICHOLAS CONWAY, and EFSTATHOS VALIOTIS,

                Defendants.
------------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       On March 24, 2022, plaintiffs filed a complaint alleging that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and provisions of the New York Labor Law ("NYLL") by failing to pay them overtime compensation, the minimum wage, and to provide wage statements and notice. ECF No. 1. Plaintiffs were employed as superintendents at defendants' properties in Brooklyn. On September 22, 2022, before defendants responded to plaintiffs' complaint, the parties reported reaching a settlement in principle. ECF No. 21. The parties now move for Court approval of their settlement agreement. Motion for Settlement Approval, "Mot. Settle." ECF No. 23; Settlement Agreement, "Settle. Agree." ECF No. 23-1. Upon review of the parties' proposed settlement, the settlement agreement is approved as fair and reasonable.[1]

       "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues." Kochilas v. Nt'l

---

[1] The parties consented to the jurisdiction of a Magistrate Judge for the purposes of settlement approval under 28 U.S.C. § 636(c). ECF Nos. 24, 25.

1

Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted).

Here, the parties have agreed that defendants shall pay plaintiffs a total settlement amount of $30,000 as a lump sum. Settle. Agree., Ex. A, ¶ 1. The total settlement payment shall be made within thirty (30) days of the Court approving the settlement agreement, plaintiffs dismissing this matter with prejudice, and plaintiffs providing certain tax documents to defendants' counsel.[2] Id. Plaintiffs shall receive a combined total of $20,000. Id. ¶ 1(ii)-(v). Plaintiff Decevic shall be paid $15,000, and plaintiff Orahovac shall be paid $5,000.[3] Id. Defendants shall provide all checks to plaintiffs' counsel.[4] Id. ¶ 1.

This is a fair and reasonable settlement. Plaintiffs' counsel shall receive $10,000 in attorney's fees.[5] Id. The attorney's fees awarded by the settlement are one-third of the total settlement, a percentage that has been repeatedly approved as reasonable in the Second Circuit. See, e.g., Bondi v. DeFalco, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); Oxley v. Excellent Home Care Services, LLC, No. 18-CV-2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020). Upon review of plaintiffs' counsel's contemporaneous billing records, ECF No. 23-2, and in light of the work required to resolve this case, it is appropriate that the attorney's fees and costs agreed to are approximately 33% of the total settlement amount. See 29 U.S.C. § 216(b); see also Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012).

---

[2] The settlement agreement also conditions payment on plaintiffs declining to revoke the agreement, the deadline for which has already passed. Settle. Agree., Ex. A., ¶ 1.

[3] The Court accepts plaintiffs' counsel's affirmation explaining how this division was agreed upon. ECF No. 26 ¶¶ 6-9. In light of all the circumstances, including the risks associated with continued litigation and the pending landlord-tenant proceedings, plaintiffs' decision to settle and the amount of the settlement is reasonable.

[4] In the event that the agreement is breached and must be enforced through litigation, the non-breaching party shall be entitled to recover damages and reasonable attorney's fees and costs from the breaching party. Settle. Agree. ¶ 7.

[5] Plaintiffs' counsel waived costs. ECF No. 26 ¶ 12.

The settlement agreement does not include a general release[6] nor does it contain a confidentiality clause.[7] Although it does contain a mutual non-disparagement clause, settle. agree. ¶ 4(d), the clause contains a "carve-out" provision permitting plaintiffs to make truthful statements about their experience in this litigation. Id. (exempting "truthful statements concerning [the parties'] experiences litigating this matter" from the non-disparagement clause). Therefore, I find the mutual non-disparagement clause is acceptable.

Accordingly, the Court approves the settlement agreement. The parties shall file a stipulation discontinuing this matter with prejudice by December 6, 2022.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 30, 2022
      Brooklyn, New York

---

[6] The release is limited to claims arising under the FLSA, the NYLL, the Equal Pay Act, and their associated regulations. Settle. Agree. ¶ 3(a). The release expressly excludes claims related to two pending landlord-tenant actions involving plaintiffs and defendants. Id.

[7] While the agreement does contain a non-disclosure clause, settle. agree. ¶¶ 4(f)-(g), the clause is limited to defendants' business information and documents.